## APPEAL OF THE PARISIAN.

Docket No. 583.   Submitted May 27, 1925.   Decided September 7, 1925.

> Reasonable salaries to officers of a corporation, agreed to by all of the members of the board of directors and all of the stockholders during 1919, are allowable deductions in determining taxable income for 1919, although no minutes were made showing such action and no entries made on the books until the early part of 1920, on account of failure to follow instructions on the part of a bookkeeper.
>
> Forgiveness of debts due by a corporation to its stockholders may be included in invested capital only from the date of the forgiveness thereof, which can not be given another date for bookkeeping purposes.

*L. F. Reinhard, C. P. A.*, for the taxpayer.
*Ward Loveless, Esq.*, for the Commissioner.

### Before GRAUPNER, TRAMMELL, and PHILLIPS.

This appeal involves a deficiency in income and profits taxes for 1919 in the amount of $2,043.79. It is based upon the disallowance by the Commissioner of increased salaries of officers and the disallowance in invested capital of an amount claimed as paid-in surplus.

#### FINDINGS OF FACT.

The taxpayer is a Washington corporation with its principal office at Spokane. It was engaged in the business of selling ladies' ready-to-wear goods.

Its stockholders were T. Budwin and W. Galbraith, who were the sole owners of the business except for one qualifying share held by the wife of Budwin, who was the beneficial owner of that share.

Prior to the organization of the corporation in 1908 the business was carried on by Budwin and Mrs. Galbraith as partners. While the business was operated as a partnership, Budwin drew a salary of $8,000 and W. Galbraith drew $4,000 as salary. They continued to draw this salary after the business was incorporated until 1915. From 1915 Budwin and Mrs. Galbraith drew $4,000 and $2,000, respectively. The salary was reduced on account of business conditions not warranting larger salaries.

Mrs. Galbraith was the sister-in-law of Budwin and lived with him and his wife. The three constituted the board of directors as

well as all of the stockholders. No formal meeting of the board of directors was ever had and the corporation kept no minutes or official records of its corporate action. Budwin and Mrs. Galbraith agreed that their salaries for 1919 would be restored to $8,000 and $4,000, respectively. No entries, however, appeared on the books until the early part of 1920. This was due to a mistake of the bookkeeper in not following the directions given by Budwin in the early part of 1919. The salaries of $8,000 and $4,000, respectively, were reasonable salaries for services actually performed.

The salaries allowed to Budwin and Mrs. Galbraith were not drawn in full, but only such amounts as were needed by them each year were actually taken out of the business and the balance remained credited to their respective accounts. The books showed that at the end of 1919 the taxpayer corporation owed $31,297.10 in salary which had been credited to Budwin and Mrs. Galbraith but not paid.

Some time subsequent to December 31, 1919, an entry was made on the books of the taxpayer crediting the corporation with the amount of the unpaid salaries, a total of $31,297.10. Each of the stockholders forgave the indebtedness to him for the back salary.

### DECISION.

The deficiency should be computed in accordance with the following opinion. Final determination will be settled on consent or on 15 days' notice, in accordance with Rule 50.

### OPINION.

TRAMMELL: While it is true that the minutes and official records of a corporation are the best evidence of the actions of the corporation, a corporation may lawfully act without making official minutes or records. Since the directors, who were all of the stockholders, agreed upon the salaries of officers for 1919 during that year, which salaries are found as a fact to be reasonable compensation for services rendered, they are properly deductible in determining the taxable income of the taxpayer.

The amounts due the officers of the taxpayer which were forgiven in the early part of 1920 as of December 31, 1919, can not be included in the surplus of the taxpayer for the year 1919. Until the indebtedness was forgiven it was a liability of the corporation. It was not forgiven and the amounts can not be considered as having been paid in until the transaction actually occurred. It is the date of the forgiveness which governs and that date can not be changed for bookkeeping purposes.

On reference to the Board, ARUNDELL took no part in the consideration.